# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCILLE J. NORMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>JORDAN ALEXA POWLEY,<br><br>        Defendant. | 8:19CV409<br><br>**AMENDED<br>CASE PROGRESSION ORDER** |

      This matter comes before the Court on the Defendant's Unopposed Motion for Extension of Progression Order Deadlines (Filing No. 24). After review of the motion, the Court finds good cause to grant the requested extensions. Accordingly,

      **IT IS ORDERED** that the Defendant's Unopposed Motion for Extension of Progression Order Deadlines (Filing No. 24) is granted, and the case progression order is amended as follows:

1) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff: **July 30, 2020**
    For the defendant: **August 28, 2020**

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **August 28, 2020**. Motions to compel written discovery under Rules 33, 34, and 36 must be filed by **September 11, 2020**.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

3) The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff: **August 28, 2020**
    For the defendant: **September 28, 2020**

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

4) The status conference scheduled for August 14, 2020, is cancelled.

5) A status conference to discuss case progression and the parties' interest in settlement will remain scheduled with the undersigned magistrate judge on **October 2, 2020,** at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

6) The deposition deadline is **November 12, 2020**.

7) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **November 13, 2020**, at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

8) The deadline for filing motions to dismiss and motions for summary judgment is **December 12, 2020**.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **December 12, 2020**.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 17th day of June, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge